# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## HAMILTON AND AL. V. McCONKEY'S ADM'R AND ALS.

### June 23d, 1887.

1. EXECUTION — *Stay ordinance—Receipt—Presumption.*—A *fi. fa.* issued April 28th, 1861, cannot be presumed to have gone into the sheriff's hands on or before April 30th, 1861, the date of the stay ordinance, in the absence of endorsement as to date of its receipt by sheriff, and of proof of such date.

2. IDEM—*Omnia presumuntur rectè acta fuisse.*—Where such writ is returned "Not levied by reason of the stay law," it will be presumed, in the absence of an endorsement or proof of the date of its receipt by the sheriff, that it went into his hands *after* April 30th, 1861, in which case such return was valid.

3. IDEM—*Sufficient return.*—Under Code 1860, ch. 186, § 15, it is required that the officer shall return upon a writ of *fi. fa.* "whether the money *is or cannot be made.*" A return of "Not levied by reason of the stay law" is a return substantially that the money "*cannot be made.*"

4. IDEM.—*Return—Statute of limitations.*—Under Code 1860, ch. 186, § 12, the limitation within which an *alias* execution may be issued is twenty years, where there is "a return of an officer"; and whether such return be true or false, sufficient or insufficient, is not a question which can arise under said section.

Appeal from decree of circuit court of Montgomery county, rendered at its November term, 1885, in a chancery cause wherein the Montgomery White Sulphur Springs Company is complainant, and George W. Fogg, adminis-

trator of Samuel McConkey, deceased, and others are defendants. The decree being adverse to Robert Hamilton and Edward Graham, they appealed. Opinion states the case.

*E. C. Burks*, for the appellant.

*Phlegar & Johnson*, for the appellees.

LACY, J., delivered the opinion of the court.

In a creditors' suit an account was ordered, taken, and reported of lands, liens, and rents. Among the debts reported as liens are two judgments jointly in behalf of the appellants, Robert A. Hamilton and Edward Graham, against the appellees, one of which, marked "No. 5," is for $339.02 principal, $463.48 interest, and $4.33 costs, as of the twenty-sixth day of April, 1884. And the other, marked "No. 6," is for $325.85 principal, $459.01 interest, and $4.33 costs, as of the same day. Both judgments were rendered April 28, 1861. On judgment No. 5, one writ of *fieri facias* issued April 28, 1861, and was returned "Not levied by reason of the stay law," and other executions issued thereon afterwards. On judgment No. 6 a writ of *fieri facias* issued April 28, 1861, and was returned "Not levied by reason of the stay law." No other execution issued on this judgment. These two judgments being allowed and reported by the commissioner as liens, the appellees excepted, "because the same are barred by the statute of limitations."

In the decree complained of and appealed from, the circuit court held judgment No. 6 to be barred by the statute of limitations, and decreed that the exception be sustained, and the said judgment be stricken from the list of liens, reserving its decision as to the question arising under the exception to judgment No. 5, whereon the appellants appealed.

By section 12 of chapter 186 of the Code 1860, it is pro-
vided that, "on a judgment, execution may issue within a
year, and a *scire facias* or action may be brought within
ten years after the date of the judgment; and, when exe-
cution issues within the year, other executions may be
issued, or a *scire facias* or action may be brought within
ten years from the return-day of an execution on which
there is no return by an officer, or within twenty years
from the return-day of an execution on which there is such
return."

If the period of limitation which barred the right of
action on this judgment was ten years, then the same was
barred; but if this period was twenty years, it was not
barred, as by statute the time between the seventeenth day
of April, 1861, and the first day of January, 1869, is not
counted in ascertaining this period. The execution has
upon it the return of an officer, as has been said, but the
circuit court of Montgomery held that return to be an
*insufficient return,* and therefore *no return;* and that,
there being then no legal return, the period of limitation
was ten years, and the debt was barred. The ground of
this decision is that, under the stay ordinance in force
in April, 1861, it was provided by the first section that no
execution should issue in such a case; and by the second
section provided: "Where such executions have issued,
and are now in the hands of officers, whether levied or not,
if the debtor offer bond and security for the payment of
the debt, interest, and costs when the operation of this
ordinance ceases, the property shall be restored, and the
bond so taken shall be returned, as in case of a forthcom-
ing bond," etc. And by the third section provided: "If
the debtor offers no such bond, it shall be the duty of the
officer to convene three freeholders," etc., "who should
value the property," etc.; "and if it did not bring that
valuation, it should be restored to the debtor without lien."

Ordinances Virginia Convention, 1861, pp. 33, 34. This ordinance was passed April 30, 1861; and the execution, as has been said, was issued on the twenty-eighth day of April, 1861, and was issued *and in the hands of the officer when the act passed, as is alleged,* and came under the provisions of the second and third sections of the said ordinance. What was the period of limitation which applied to this debt is the sole question to be decided on this appeal.

We will first consider whether, from this record, this return can be held to be an illegal return,—such a return as would have been insufficient to protect the sheriff against the proceeding provided for by the fourteenth section of chapter 186 of the Code of 1860. The stay ordinance referred to in the return was passed on the thirtieth of April, 1861. The execution issued on the twenty-eighth of April, 1861. The record does not disclose when the execution was delivered to the sheriff and was in his hands. It cannot be inferred, under our law, that the execution went into the sheriff's hands within two days, so as to bring it within the class provided for by the second section and the third section of the said stay ordinance.

Under the eighteenth section of chapter 163 of the Code of 1860 the clerk is directed to deliver the execution to the sheriff or other officer, unless directed otherwise by the plaintiff or his attorney, or to mail it; and in the process-book which he is directed to keep he is required to enter the name of the person to whom it is delivered, or, if mailed, the time thereof. An execution issued on the twenty-eighth of April, 1861, may have been delivered to the sheriff, or mailed to him afterwards, at any time afterwards within the return-day. This time cannot be ascertained from this record.

If it be true, as a legal proposition, that this return would have been legal if the execution went into his hands after the thirtieth of April, and illegal if it went

into his hands during the two preceding days, we must. presume, in the absence of proof on the subject, in favor ·of the officer's return.    Moreover, when an execution comes into an officer's hands, he is required by the thirteenth section of chapter 187 of the Code to endorse upon the writ not only the date of its reception, but the time of the day he receives it, under heavy penalties.    On this execution there is no such endorsement.    At least, one is not copied in the record.    If this execution came into his hands under the provisions of the first section, no such endorsement was necessary.    He could only return it without a levy.    The presumption of the law is again in favor of the legality of the return.    The prescription of the law, under the fifteenth section of chapter 187, Code 1860, is that upon a writ of *fieri facias* the officer shall return whether the money therein mentioned is *or cannot be made.*    The return in question is substantially that the money cannot be made, and a reason is given, which is claimed to be unsound in law, because the stay ordinance did not make this application to writs of *fieri facias* already issued and in the hands of the officer; but, as we have seen, there is no proof as to whether this execution falls under that head, and it cannot be assumed from the date of its issuance.

It is not clear from the language of the second section that even though this writ had been in the hands of the officer, there was any direction concerning it unless it had been levied.    The act refers to executions, whether levied or not, in terms, but the direction is as to what shall be done with property already taken from the possession of the debtor; and if there had been no levy, there was no seizure, and consequently no property responding to the description in the act, and no direction to levy.    It is not clear, therefore, that it can be held that this return was without authority of law, and therefore illegal and insufficient.    But whether this return is true or false, suf-

ficient or insufficient, is not a question which can arise under the statute in question. The statute does not prescribe concerning a true or sufficient return, but concerning a "return of an officer." The law provides ample and speedy methods by which all irregularities of an officer may be corrected—ample machinery by which any injury the officer may do by a false or insufficient return may be speedily redressed. But it provides that the limitation, when there is a return of an officer, shall be twenty years; and if the return of the officer is endorsed on the execution, it brings the same within the meaning of the twelfth section of chapter 186 of the Code of 1860.

It follows that the decree of the circuit court of Montgomery county appealed from is erroneous, and must be reversed and annulled.

DECREE REVERSED.