# Richmond.

ROWE'S ADM'R v. HARDY'S ADM'R.

DECEMBER 7, 1899.

1. PROCESS—*Return—What Sufficient.*—A return on a writ or process is the short official statement of the officer endorsed thereon of what he has done in obedience to the mandate of the writ, or why he has done nothing. He may have been prevented from obeying the mandate of the writ by an injunction, or by a *supersedeas,* or by the order of the plaintiff or his attorney. A return of any of these facts endorsed on the writ is a sufficient return.

2. FIERI FACIAS—*Control of Beneficial Plaintiff—Sheriff His Agent.*— In executing a writ of *fieri facias* the sheriff is the agent of the beneficial plaintiff, and he and his attorney have the right to control the execution of the writ, and to say whether the sheriff shall levy it, or return it without doing so.

3. PROCESS—*Return—Presumption as to Date.*—In the absence of a date, or other evidence showing when the return of an officer on a writ was made, it is presumed to have been made at a time when he had the right to make it, and in due time, as the *prima facie* presumption is that the officer has done his duty.

4. FIERI FACIAS—*Return After Return Day.*—The validity of the return of an officer on a writ of *fieri facias* is not affected by the fact that the writ is not returned to the office till after the return day thereof. The record is incomplete till the writ is returned, but when returned, the return becomes competent evidence of the facts therein stated, and the parties are entitled to the benefit of their legal effect.

5. FIERI FACIAS—*Return—Conclusiveness—Return Day—Enforcing Return by Officer.*—A return upon an execution which the officer has the right to make is conclusive between the parties, and they are interested to have the officer make his return and file the writ with the proper custodian. But neither of the parties can be deprived of the benefit of the return by the failure of the officer to make it at the return day of the writ. The officer may be there-

after compelled to make his return by process of contempt, or by proceeding to enforce the forfeitures and penalties prescribed by law.

6. JUDGMENTS—*Abatement of Interest—Creditor Within Enemy's Lines.*— After judgment for principal and interest of a debt, courts are without power to abate the interest on the debt for any time on the ground that the creditor was within the lines of the enemy.

Appeal from two decrees of the Circuit Court of Gloucester county, pronounced July 15, 1893, and April 19, 1897, respectively, in a suit in chancery under the style of *Marchant* v. *Rowe's Adm'r*, wherein the appellee proved his·debt against the appellant, Rowe's Adm'r.

*Affirmed.*

The opinion states the case.

*II. R. Pollard* and *W. W. Woodward,* for the appellant.

*J. B. Donovan,* for the appellee.

RIELY, J., delivered the opinion of the court.

It is asserted that the court erred in not holding that the judgment of the appellee was barred by the statute of limitations.

The plea of the statute was based upon the contention that more than ten years had elapsed since the date of the judgment, without an execution having been issued upon it on which there was a valid return by an officer.

The judgment was obtained in the Circuit Court of Gloucester county at its October term, 1869, and a writ of *fieri facias* issued upon it on November 24, 1869, returnable to February rules 1870. It went into the hands of the sheriff of Gloucester county on December 20, 1869, and while in his hands it was endorsed by the attorneys for the plaintiff as follows: " The sheriff is hereby directed to return this execution without levying it, January 3, 1870. Donovan & Page, p. q." In pursuance of this order, it was endorsed by the officer as follows: " Return this execution by order of the attorney for the plaintiff. J. C. Rowe,

D. for J. L. Waterman, S. G. C."; and on March 19, 1870, it was filed in the clerk's office from which it issued.

By sections 12 and 13, chapter 186 of the Code of 1860, a judgment is barred after the lapse of " ten years from the return day of an execution on which there is no return by an officer," but a *scire facias* or action may be brought " within twenty years from the return day of an execution on which there is such remcnt.

In the account of debts ordered by the court to be taken in this cause by one of its commissioners, the judgment in controversy, subject to certain credits, was reported as a debt against the estate of the intestate of the appellants by the commissioner on November 10, 1886, which was less than twenty years from the return day of the execution issued upon it, and also less than twenty years (about seventeen years) from the date of the judgment.

It is objected that the statutory bar to the judgment is ten and not twenty years, because the return endorsed on the execution by the officer is not such a return to keep alive the judgment as is contemplated by the statute, but that the officer should have returned whether the money was or could not be made, or if there were only part thereof which was or could not be made, he should have returned the amount of such part. This, however, is not the only sufficient return which the officer can make. His return may also be of the existence of such a state of facts as, without fault or negligence on his part, prevented a compliance with the mandate of the writ. A return on a writ or process is the short official statement of the officer endorsed thereon of what he has done in obedience to the mandate of the writ, or why he has done nothing. He may have been prevented from obeying the mandate of the writ by an injunction, or by a *supersedeas,* or by the order of the plaintiff or his attorney directing him to hold it up, or to return it to the clerk's office without levying it. A return of any of these facts, endorsed

upon the writ, is a sufficient return. 3 Blackstone's Com. 273; 2 Bouvier's Law Dic. 919; Freeman on Ex., secs. 355, 356; Herman on Ex., sec. 237; *McKenney's Ex'ors* v. *Waller*, 1 Leigh 434; *State* v. *Bulkeley*, 61 Conn. 363; *McCrory* v. *Chaffin*, 1 Swan 307; *Eaken* v. *Boyd*, 5 Sneed 206; *Union Bank* v. *Barnes*, 10 Humph. 244; *State* v. *McDonald*, 9 Humph. 606; and *Patton* v. *Marr*, 44 N. C. 377.

In the case at bar, the order of the attorneys for the plaintiff to the sheriff, to return the execution without levying it, was endorsed by them on the writ shortly after it came to the hands of the officer, and relieved him from the duty of levying the execution and making the money. In executing the writ, the sheriff was the agent of the plaintiff, who was entitled to its proceeds, and he and his attorneys had the right to control the execution and to say whether the officer should levy it or return it without doing so. Crocker on Sheriffs, sec. 412; Freeman on Ex., secs. 108, 368; *Levy* v. *Abbott*, 19 L. J. (N. S.), 62; *State* v. *McDonald*, 9 Humph. 606; *Jackson* v. *Anderson*, 4 Wend. 480; *Walters* v. *Sykes*, 22 Wend. 568; *State* v. *Boyd*, 63 Ind. 428; *Humphrey* v. *Hitt*, 6 Gratt. 509; and *Walker* v. *Com.*, 18 Gratt. 43.

In *Hamilton* v. *McConkey's Adm'r*, 83 Va. 533, the execution was returned thus endorsed: "Not levied by reason of the stay law"; and the return was held to be sufficient. In that case, the statute in question was construed, and the decision is conclusive against the objection of the insufficiency of the return. The court there said: "But whether the return is true or false, sufficient or insufficient, is not a question which can arise under the statute in question. The statute does not prescribe concerning a true or sufficient return, but concerning a 'return of an officer.' * * * But it provides that the limitation, where there is a return by an officer, shall be twenty years; and if the return of the officer is endorsed on the execution, it brings the same within

the meaning of the twelfth section of chapter 186 of the Code of 1860."

The revision of the statute law made by the Code of 1887 now defines the character of the return which will prevent the bar of the statute for twenty years from the return day thereof, and prescribes that "any return by an officer on an execution showing that the same has not been satisfied, shall be a sufficient return within the meaning" of the statute. Code 1887, sec. 3577.

The return of the sheriff on the execution in this case bears no date, and the execution was not filed in the clerk's office from which it issued until March 19, 1870, which was after the return day. It was argued that the return to be valid and to have the effect of keeping the judgment alive must have been endorsed on the execution by the sheriff on or before the return day, and the execution returned by him to the clerk's office on or before that day, and that if the return was thereafter endorsed on the execution, or the execution thereafter returned to the clerk's office, the return had "no legal effect," and was "inadequate to enlarge the limitation from ten to twenty years, and, as a consequence, the judgment was not enforceable after October, 1879."

The presumption of law is, until the contrary is proved, that the officer has performed his duty (1 Greenl. on Ev., sec. 40; Freeman on Ex., sec. 355; *O'Bannon* v. *Saunders*, 24 Gratt. 138; *Hartwell* v. *Root*, 19 John. 345; *Maury* v. *Cooper*, 3 J. J. Marshall 224; and *Egery* v. *Buchanan*, 5 Cal. 53) and it is, therefore, to be presumed, in the absence of evidence to the contrary, that the return on the execution in this cause, being without date, was made while the sheriff had the right to make it, and in due time.

As to the other part of the objection that the execution was not returned and filed in the clerk's office until after the return day, the failure to return it on the return day did not destroy the legal effect of the return endorsed upon it. All that can be

said is that the record of the execution was not complete until the execution, with the return thereon of the officer, was deposited by him in the clerk's office, and that the return upon the execution did not become a matter of record and competent evidence as such until the execution was so returned. But when deposited by the sheriff in the clerk's office from which it issued, the return of the sheriff, being such as he was authorized to make, completed the record of the execution, and became thenceforth competent record evidence of the facts stated in the return, although the execution was not filed in the clerk's office until after the return day thereof. 1 Greenl. on Ev., sec. 521; Crocker on Sheriffs, secs. 40, 43, 45; Freeman on Ex., sec. 353; Herman on Ex., sec. 241; *Whitmore* v. *Rooke,* Sayer 299; *Cyfford* v. *Woodgate,* 11 East 299; *Pigot* v. *Davis,* 3 Hawks 25; *Hardy* v. *Gascoignes,* 6 Port. (Ala.) 447; *Welsh* v. *Joy,* 13 Pick. 477; *Nelson* v. *Cook,* 19 Ill. 440; *Davis* v. *Clements,* 2 N. H. 390; and *Remington* v. *Sinthicum,* 14 Peters 84.

It is the duty of a sheriff or other ministerial officer to return all writs on the return day thereof with a short account in writing endorsed by him thereon of the manner in which he has executed the same, or why he has done nothing. A return upon an execution, which is sufficient in law; that is, a return which the officer had the right to make, is conclusive between the parties, and they are interested to have the officer perform his full duty, to make his return and file the writ with its proper custodian. Neither of the parties can be deprived of the return by his neglect or failure to return the writ by the return day, and the court in which the judgment was obtained, upon which the execution issued, may, if the writ be not returned in due time, award a rule against the officer to return it, and if he do not obey the rule, compel him to make his return upon the writ and to return it by attaching and fining him for contempt. 2 Bouvier's Law Dict., 919; Crocker on Sheriffs, sec. 40; *State* v. *Bulkeley,* 61 Conn. 363; and *People* v. *Everest,* 4 Hill. 71.

The failure of an officer to make due return on and of any process subjects him to a forfeiture of twenty dollars; and provision is also made in case of continued failure for further forfeitures and fines. Code, 1860, ch. 49, secs. 27, 28; and Code, 1887, secs. 900, 901.

And it is made the official duty of the clerk, from whose office the process issued, if it be not returned on the return day, to issue a rule against the officer, returnable to the next succeeding term of the court, to appear and show cause why he should not be fined for his said default. Code 1887, sec. 900.

Why these provisions to force the return of process, if nothing is to be gained, no good purpose to be served? Why power in the court to oblige the officer to do so, if it is uselessly exerted? Why subject him to forfeitures and penalties to compel him to make return upon the writ and to return it, if the return, when it is made and the writ is returned, however sufficient in law the return may be, is a mere nullity and without legal effect, only because it was not made and the writ returned on the return day? The answer is that the return on the writ is not null, but that when made and the writ returned, it completes the record of the writ, becomes competent record evidence of the facts returned, and the parties are entitled to the benefit of their legal effect.

It is next asserted that the court erred in not holding that the debt was paid.

The debt, as stated above, is due by judgment, and is a matter of record. The burden of establishing payments and proving that there was no longer any balance due upon it devolved upon the administrators of the debtor. Credit was allowed for all payments of which they produced any evidence. At their instance, the commissioner required the administrator of the creditor and his attorney to produce before him all books and papers in their possession or under their control showing the amounts that had been paid on account of the debt, or a certified statement

thereof from the books. They did so, and furnished, among other credits, some for which no receipts were produced. All payments that were acknowledged, or of which there was any evidence, were allowed. There is no evidence that any payment was made for which credit was not allowed by the commissioner. His statement of the debt and report of the balance found to be due on the judgment, with the exception of an abatement of interest for the three years that the creditor was within the lines of the Federal army, was approved by the court and a decree entered for its payment. The decree accords with the evidence, and is proper and right.

The debtor died in May, 1885, and only a few months before his death made two payments on account of the judgment, to wit: The sum of $265 on January 9, 1885, and $100 on March 7, 1885, which was an admission on his part that up to that time the judgment had not been discharged. *Updike's Adm'r* v. *Lane,* 78 Va. 132; and *Cole's Adm'r* v. *Ballard,* 78 Va. 139.

The exception to the report of the commissioner abating interest for three years during the war, because the creditor was for that period within the lines of the Federal army, was properly sustained. Judgment had been obtained for the debt, both principal and interest, and there was no power to abate any part of the interest any more than there would have been to abate a part of the principal. The matter had passed into judgment, and it was too late to raise the question of an abatement of the interest. *Ratcliffe* v. *Anderson,* 31 Gratt. 105; *Robert's Adm'r* v. *Cocke,* 28 Gratt. 207; and *Marpole* v. *Cather's Adm'r,* 78 Va. 239.

Cross error was assigned by the appellee to the allowance of two credits on the judgment of $100 each, one on January 5, 1883, and the other on March 7, 1885. They are sustained by the evidence, and were properly allowed.

The decree of the Circuit Court must be affirmed.

*Affirmed.*