# Wytheville.

## SLINGLUFF v. COLLINS.

### June 10, 1909.

1. PROCESS—*Return—Signature of Officer.*—A return on a writ or process is the short official statement of the officer endorsed thereon of what he has done in obedience to the mandate of the writ, or why he has done nothing. The signature of the officer thereto is no part of the return, but is merely intended to authenticate it.

2. EXECUTIONS—*Return of Officer—Lack of Signature—Amendment—Time of Making.*—Where the truth of a return on an execution is not questioned, and no good reason to the contrary is shown, the officer making it should be allowed to amend by signing it, and thus make valid that which before had no appearance of official authenticity. Courts are liberal in allowing amendments of returns in proper cases, so as to conform to the truth, and the amendment when made has the same effect as though it were the original return, where the right of third persons have not intervened, and it does not appear that injustice can result to anyone. There is no specific time within which a return must be amended, but after a great lapse of time an amendment should be permitted with caution, and in no case should it be allowed unless the court can see that it is in furtherance of justice.

3. EXECUTIONS—*Return Before Return Day—Notorious Insolvency.*—A return on an execution "no effects known to me" is not vitiated by the fact that it is made before the return day of the writ, where, as in the case at bar, it is an agreed fact that, at the time the writ was placed in the hands of the officer, the defendants were notoriously insolvent.

Error to a judgment of the Circuit Court of Madison county on a motion to quash an execution. Judgment for the defendant in the execution. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Hiram M. Smith,* for the plaintiff in error.

*L. O. Wendenburg* and *Stuart Bowe,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The facts agreed in this case are, that in the year 1889 the firm of Slingluff, Disney & Co. obtained in the Circuit Court of Madison county a judgment against the firm of Collins & Yager for the sum of $611.56, with interest from the 1st day of May, 1889, till paid, and costs in the sum of $16.06; that in September, 1889, an execution was issued on this judgment, returnable to first December rules, 1889, and was placed in the hands of T. N. Berry, deputy scheriff of Madison county; that the debtor firm was at the time notoriously insolvent; that Berry, the deputy sheriff, made on this execution the following endorsement: "No effects known to me this 8th day of November, 1889," but did not sign the endorsement; that the execution with the unsigned endorsement was returned to the clerk's office on or before the return day thereof, and the unsigned endorsement was entered by the clerk in his execution book, and no other execution was issued on the judgment within seventeen years after the return day of such execution; that on the first day of January, 1908, a third execution was issued on this judgment, directed to the sheriff of Henrico county, and returnable to the first March rules, 1908; that prior to the issuing of this last mentioned execution, Horace Slingluff, the plaintiff in error, had become the successor to the firm of Slingluff, Disney & Co., and the sole owner of all its assets, and G. T. Collins had become the sole surviving partner of the debtor firm, his two partners, W. A. Collins and W. C. Yager, having died, the former in 1900, and the latter in 1896; and that T. N. Berry, the deputy sheriff who made the unsigned endorsement on the first execution is still living.

The record shows that, after the execution of January, 1908, was issued and levied upon property of the surviving judgment debtor in the county of Henrico, notice of a motion to quash the execution was served on the plaintiff in error, upon the ground that no return having been made upon the original execution and no other execution having been issued within ten years, the same was not enforceable under section 3577 of the Code. Thereupon, the plaintiff in error served the defendant in error with notice of a motion for leave to amend the return upon the original execution by having the deputy sheriff sign the return he had endorsed thereon.

These two motions were heard together, and the circuit court refused to allow the sheriff to amend the return on the original execution by signing the same, and quashed the execution issued in January, 1908. To this judgment the present writ of error was awarded.

It is contended on behalf of the defendant in error, that the endorsement by the sheriff on the execution in question is invalid without his signature affixed thereto, and cannot be made valid by now affixing his signature to such return; the position taken being that, inasmuch as section 900 of the Code provides that the officer to whom the process is directed "shall make true return thereon of the day and manner of executing the same, and subscribe his name to such return," the present is not a proper case for amendment; that the absence of the sheriff's signature makes the return a mere nullity. In other words, that a return not signed by the officer is no return at all.

"A return on a writ of process is the short official statement of the officer endorsed thereon of what he has done in obedience to the mandate of the writ, or why he has done nothing." *Rowe* v. *Hardy,* 97 Va. 674, 676, 34 S. E. 625, 75 Am. St. Rep. 811.

The signature is not a part of the return proper. Its function is merely to authenticate the return. That the signature was not regarded by the legislature as an integral part of the

return is plain from an examination of the statutes. Section 900 of the Code contains two provisions: 1st, of what the return shall be; and 2nd, that the officer shall subscribe his name to such return. Section 901 provides for failure to make return and for a failure to subscribe the return. Other sections of the Code show that the signature of the officer to the return was not intended as part of the return, but merely as an authentication of the memorandum as a true return by the proper officer. Section 3577 of the Code expressly provides, that "any return by an officer on an execution showing that the same has not been satisfied shall be a sufficient return within the meaning of this section."

The courts pursue a liberal policy in allowing amendments whenever they can see that it will be in the furtherance of justice.

In *Shenandoah R. Co.* v. *Ashby's Trustees*, 86 Va. 232, 9 S. E. 1003, 19 Am. St. Rep. 898, this court stated that the amendment should not be allowed unless the court could see that it would be in the furtherance of justice, and added: "In a proper case, however, leave to amend, so as to make the return speak the truth, ought to be and usually is liberally granted, and when the amendment is made, the same effect is to be given the return, as amended, as though it had at first been put in its present form."

In *Hamilton* v. *McConkey's Admr.*, 83 Va. 533, 2 S. E. 724, the point was made that a defective or insufficient return was no return, but this court held otherwise, saying: "Whether this return is true or false, sufficient or insufficient, is not a question which can arise under the statute (section 3577). The statute does not prescribe concerning a true or sufficient return, but concerning a return of an officer. The law provides ample and speedy methods by which all irregularities of an officer may be corrected, ample machinery by which any injury the officer may do by a false or insufficient return may be speedily redressed."

The endorsement upon the execution in the present case measures up to the statutory requisites of a return, for it is not questioned that it was made by an officer clothed with authority and acting in the discharge of his duty. Being a return, the amendment, by adding the omitted signature of the sheriff, must be allowed so as to make it speak the truth authoritatively.

Freeman on Executions, Vol. III, p. 2044, citing a number of authorities in support of the text, says: "A return may be amended by affixing to it the signature of the officer, and thus making valid that which before had no appearance of official authenticity."

Again, at p. 2135, this author says: "Where the truth of a return is not questioned and no good reason to the contrary is shown, the officer should be allowed to amend by signing it."

In the case of *Excelsior Mfg. Co.* v. *Boyle,* 48 Kan. 202, 26 Pac. 408, it is held that the failure of the sheriff to sign his return on an execution was amendable error which could be corrected by allowing him to affix his signature thereto.

It is further insisted that, because there was no property subject to the execution when it came into the hands of the officer, it does not follow that the debtor will continue to have none until the return day.

The execution in this case was returnable to the 1st December rules, 1889. The return of the sheriff is: "No effects known to me this 8th day of November, 1889." The position is that the officer was without power or authority to return the execution until the return day had arrived; that in the interval between the date of the endorsement on the execution and the return day the debt might have been collected.

One of the agreed facts in this case is that at the time this execution was put into the hands of the sheriff of Madison county, the debtors therein were notoriously insolvent. Under such circumstances it cannot be assumed, without evidence,

that the sheriff was derelict in returning the execution, "no effects known to me," before the return day.

In 3 Freeman on Executions, p. 2019, it is said: "There is no good reason why the sheriff should delay returning the writ, when it is apparent that nothing can be found out of which to satisfy it. It is rather his duty, by promptly returning the facts, to open the way for supplemental proceedings, and aid the purpose for which the execution was put into his hands."

It is true that a long time has elapsed since the return of the original execution in 1889 and the motion to amend the return by affixing the signature of the sheriff thereto in 1908, but there is no specific limitation of time within which the power to amend may be exercised. After a considerable lapse of time, however, such power should be exercised with caution, and in no case is it to be exercised unless the court can see that it will be in furtherance of justice.

In the case at bar, the agreed facts show that, at the time the original execution was returned, the defendants therein were notoriously insolvent. There is nothing in the record to suggest that the judgment has been paid—indeed, no effort is made to show that it has been satisfied; nor is there anything to indicate that there has ever been a moment that it could have been enforced until the present effort was inaugurated. It is manifest from the record that the judgment has lain dormant for the reason that there was no opportunity to enforce it. The rights of third parties have not intervened or attached in the mean time, and it does not appear that any injustice can result to anyone from permitting the plaintiff in the judgment to compel its satisfaction by the surviving judgment debtor; on the contrary, such a course would seem to be in furtherance of justice.

For these reasons, the judgment complained of must be reversed and set aside; and this court proceeding to enter such judgment as the circuit court ought to have entered, it is ordered that T. N. Berry, deputy sheriff for Madison county,

be allowed *nunc pro tunc* to amend his return on the original execution in question by affixing his signature in his official capacity to such return. And it is further ordered that the motion of the defendant, G. T. Collins, to quash the execution issued January 1, 1908, be, and the same is hereby, overruled.

*Reversed.*