## CHARLESTON

VIRGINIA SUPPLY CO. *v.* CALFEE *et al.*

Submitted June 10, 1911.   Decided November 19, 1912.

1.   MECHANICS' LIENS—*Personal Judgment—Privity of Contract.*
       If there is no privity of contract between the owner and a person who furnishes material to the contractor for use in the erection of a house, it is error to render a personal decree for his claim against the owner.   (p. 301).

2.   SAME—*Notice—Service.*
       Return of service of a mechanic's lien notice, made by a private person under oath, as well as return of service of such a notice by a sheriff, in his official capacity, is *prima facie* proof of service.   (p. 301).

3.   APPEAL AND ERROR—*Review—Mechanics' Liens—Amount in Controversy.*
       A decree for mechanics' liens, some more and some less than one hundred dollars, is not reviewable in this Court as to those liens that are less than one hundred dollars.   (p. 302).

4.   COSTS—*Appeal—Release—Errors.*
       A party who refuses to accept a release of errors, tendered before he has taken an appeal, and continued in this Court, is not entitled to recover costs upon the appeal.   (p. 301).

Appeal from Circuit Court, Mercer County.

Action by the Virginia Supply Company against A. E. Calfee and others.   Judgment for plaintiff, and defendants appeal.

                                                                 *Affirmed.*

*Hale & Pendleton,* for appellants.

*Randolph Henry,* for appellee.

WILLIAMS, JUDGE:

A. M. Calfee employed H. B. Moore to erect a house for him on a lot in the town of Princeton, Mercer county, West Virginia. The contract was not recorded.   Moore abandoned the work before it was quite finished, having been paid by Calfee nearly the full value of his work.   Plaintiff and a number of other persons who had furnished material to Moore, used in the construction of the house, filed and had recorded mechanics' liens against the property.   This suit is to enforce those liens.   The cause was re-

ferred to a commissioner to ascertain and report to court the liens upon the property and their priority. The commissioner reported adversely to plaintiff's lien, and it excepted. The court sustained the exception, and, on the 9th of December, 1910, decreed plaintiff's debt to constitute a lien of the same order with the other mechanics' liens—a vendor's lien in favor of J. W. Hale being decreed to be a lien of prior dignity. From that decree Calfee has appealed.

It is assigned as error that the decree is personal against Calfee. In that respect the decree is clearly erroneous. No privity of contract being shown to exist between Calfee and the lienors, it was error to render a personal decree against him. *Augir* v. *Warder,* 68 W. Va. 752. But, before this appeal was taken, the lienors executed and filed with the clerk of the circuit court a signed writing releasing this error. This they had a right to do and thereby avoid the cost of an appeal.

Counsel for appellant insist that it is not proven that the notice, required by statute to be given to the owner within thirty-five days after the material was furnished or the work ceased, was actually served upon him. The notices given by some of the lienors were served by private persons, who made return under oath, showing that service was made personally upon Mr. Calfee; others were served by the deputy sheriff, who made return thereof in his official capacity, showing personal service also. Mr. Calfee denies in his answer to the bill that he was served with notices within the time required by law, but he does not deny it in his testimony. The return under oath of a private person, of the manner of service of such notice, is entitled to as much consideration as the return of the officer. Such notice is not a writ issued by the clerk or by the court, which the law makes it the officer's duty to execute, and which, therefore, can not be contradicted. But the return to such notice is, at least, *prima facie* proof of service; and, in the absence of contradictory evidence, is sufficient to establish the fact of service. *Williams & Davisson Co.,* v. *Bailey,* 68 W. Va. 681.

The evidence is conflicting between Calfee, on the one side, and J. E. Lambert, general manager for plaintiff, and J. W. Lowery, its bookkeeper, on the other. The confusion originates from the fact that Moore, through his agent, A. M. Slusher, who

had immediate supervision of the work of constructing Calfee's house, purchased material from plaintiff to be used in other houses which Moore was then building in Princeton for other people, at the same time he purchased material for use in Calfee's house. But it appears from the testimony of Lambert and Lowery, that the items of the account were so designated on the ledger, at the time they were ordered, that those items furnished for use in Calfee's house could be easily separated from the rest. The only items of the account, which Calfee testifies positively were not used in his house, were one mantel and two or three mortise locks. Plaintiff's account amounted to $711.28, subject to a payment of $411.01, thus leaving a balance due of $300.27, for which a lien was claimed. The court in its decree, however, allowed plaintiff a lien for $273.78 only. It would seem, therefore, that the court has reduced the claim, by an amount perhaps equal to the value of the items which Calfee states positively were not used in his house. The proof of plaintiff's account was sufficient to justify the court in finding in its favor; and, it not appearing to us that it is clearly against a preponderance of the evidence, we have no right to reverse the circuit court. *Shock* v. *Gowing*, 71 W. Va. 249, decided at the present term.

It is also insisted that the decree in favor of W. E. Driscoll for plaster work on the house, was not filed and notice thereof given to Calfee, within thirty-five days after he had completed the work. But, inasmuch as each lienor's claim constitutes a separate decree—*Weese* v. *Elbon*, 61 W. Va. 380—and the amount of Driscoll's claim is less than $100.00, we are without jurisdiction to review the error, if any there is, with respect to the allowance of this claim.

The decree will be amended so as to make the liens charges upon the property in question only, and not personal recoveries against A. E. Calfee, except as to the vendor's lien in favor of J. W. Hale which appears to be a personal obligation of said Calfee; and, as thus modified, the decree will be affirmed, but without costs to appellant.

*Affirmed.*