# CHARLESTON.

W. S. BARRETT v. MARY A. ANDREW, EXECUTRIX.

Submitted October 30, 1917.    Decided November 6, 1917.

1. WITNESSES—*Competency—Interest—Parties.*

In an action against a personal representative of a deceased person, both the plaintiff and his wife are precluded from testifying as to personal transactions between him and the deceased person in his lifetime, the former on account of his interest, and the latter on account of her legal unity with her husband. (p. 284).

2. SAME — *Competency — Transactions With Decedent — "Personal Transaction."*

In such case, rendition of services and expenditures of money by the plaintiff for the deceased person, in his lifetime, though not done in his presence, are personal transactions with him, within the meaning of the law. (p. 284).

3. EXECUTORS AND ADMINISTRATORS—*Claims Against Estate—Value of Services—Proof.*

Under a general claim of indebtedness for money expended, services rendered and use and occupation of real estate, in the form of an account filed in an action before a justice of the peace, supplemented by an itemized statement, it is competent for the plaintiff to prove the value of the services, expenditures and use and occupation, as a whole, and in a general way, when he is unable, by reason of his incompetence as a witness, to prove the items of his account. (p. 285).

4. TRIAL—*Directed Verdict—Evidence.*

Even though there is doubt of the right of a plaintiff to re-

cover, the trial court cannot direct a verdict against him, if the evidence adduced affords a basis for a verdict in his favor, the amount of the recovery being a question for the jury, within the limitations established by the law and the evidence.    (p. 286).

Error to Circuit Court, Wood County.

Action by W. S. Barrett against Mary A. Andrew, administratrix. From a judgment for defendant upon a directed verdict, on appeal from a justice court, plaintiff brings error.

*Reversed and remanded for new trial.*

*Geo. W. Johnson,* for plaintiff in error.
*Dorr Casto* and *F. B. Burk,* for defendant in error.

POFFENBARGER, JUDGE:

This judgment rendered on an appeal, in an action commenced before a justice of the peace, for one-half of the care and maintenance of a horse and buggy owned jointly by the plaintiff and the defendant's testator, in a barn or stable owned by the former, during the period covered by the claim, is based on a verdict for the defendant, directed by the court.

In lieu of a formal complaint, the plaintiff filed an account containing two charges, $356.31 for feed, shoeing and other expenses paid by him, and $466.33 for stable and barn rent and care of the horse and buggy, making a total of $822.64. On this he credited an item of $140.00, which seems to have been the purchase price of the horse, paid by the decedent, and one of $83.00, the sale price of the horse, received by the plaintiff. Dividing the remainder by two and crediting on the result two small items, $3.50 for the keep of the horse for a few days, by the decedent, and $20.00 paid on the account by him, and then adding interest on the remainder, he makes his claim $315.65. The defendant orally denied any indebtedness, claimed sets-off and interposed the statute of limitation to a part of the claim. The justice rendered a judgment for the plaintiff for $235.05. In the circuit court, the defendant withdrew her claim for sets-off, but renewed her other defenses.

The offer of the plaintiff, to prove the items of feed for

the horse, a reasonable compensation for the care of him and for the use of the stable and shed, insurance and repairs on the buggy, the cost of shoeing the horse and other items of the account filed, by his testimony, was properly rejected, for all of these matters are within the legal definition of a personal transaction as to which an interested party cannot testify against the estate of a deceased person. Code, ch. 130, sec. 23; *Owens* v. *Owens,* 14 W. Va. 88. His disqualification as to these matters rendered the testimony of his wife as to them inadmissible also, because of their legal unity. *Freeman* v. *Freeman,* 71 W. Va. 302; *Kilgore's Adm'r.* v. *Hanley,* 27 W. Va. 451; *Faulkner* v. *Grantham,* 55 W. Va. 317; *Davis* v. *Ellis,* 39 W. Va. 226, 228; *Kimmel* v. *Shroyer,* 28 W. Va. 505, 514; *State* v. *Taylor,* 57 W. Va. 228, 235.

Two competent witnesses, a sister of the testator and a daughter of the plaintiff, testified to the joint purchase and common use of the horse by the testator in his life time and the plaintiff, and the care and maintenance of the animal by the plaintiff, in his stable and at his expense. They further testified that the plaintiff had kept the horse shod at his expense. Two other perfectly competent and disinterested witnesses swore the testator had told them he and the plaintiff had bought a horse together, at about the date on which the other witnesses say it was purchased. As suggested in the brief, for the defendant in error, it is barely possible that the horse the two witnesses last named referred to was not the horse concerning which the sister of the testator and the daughter of the plaintiff testified, but the jury might well have inferred from the facts and circumstances, that it was. None of these witnesses testified to any of the numerous items of the account filed in support of the plaintiff's general claim, but another witness was introduced who swore it would be worth fifty cents a day to keep a horse and that reasonable compensation for feeding him and delivering him for use would be $15.00 or $20.00 a month, and that the use of the barn was worth from $3.00 to $5.00 per month. It was agreed that another witness, for whose testimony the court would not wait, would have expressed the same opinion as to the amount due the plaintiff.

Notwithstanding the lack of proof of the items of the account annexed to the plaintiff's claim, the evidence of these witnesses made a clear, firm and ample basis for a verdict in favor of the plaintiff for something. The action cannot be regarded as having been brought only for recovery of the items of the account, for there is a general claim for the maintenance and care of the horse, amounting to about $300.00, which the evidence tends to establish. In it, there is a basis of estimation which does not involve the consideration of the items of the account, and the jury could have allowed compensation for a certain number of months, not barred by the statute of limitations. The decedent paid for the horse, and the plaintiff, sold him and has not accounted to the estate of Andrew for any part of the proceeds of the sale, nor reimbursed it for his half of the original purchase money; but it cannot be said, as matter of law, that his liability on account of these items would equal that of the estate to him, nor that the crediting thereof would reduce that liability to $100.00, so as to deprive this court of jurisdiction.

The suggestion that the plaintiff's failure to prove payment of his demand justified the direction of a verdict against him, is inconsistent with law. After the establishment of a debt, the burden of proof of payment rests upon the debtor. *Roe* v. *Hardy*, 97 Va. 674.

For the error of the court in its direction of a verdict, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded for new trial.*