# CHARLESTON.

A. J. O'CONNELL *et al.* v. LITTLE WAR CREEK COAL Co. *et al.*

Submitted March 4, 1924.    Decided March 11, 1924.

1.  MECHANICS LIEN—*How Lien of Workman Employed by Cor-
    poration or Contractor Perfected Stated.*

    A workman or laborer who performs work or labor for an
    incorporated company doing business in this state, under a
    contract either with the company or with its general con-
    tractor, or with any sub-contractor, has a lien upon the real
    estate and personal property of such incorporated company
    for the value of such work or labor; and such lien may be
    perfected and preserved for the statutory time by filing with
    the clerk of the county court of the proper county a notice of
    the lien containing the amount due him after allowing all
    credits, properly sworn to, within ninety days from the time
    such workman or laborer ceased to work for such company or
    its contractor or sub-contractor. (p. 689).

2.  SAME—*Service of Notice on Corporation by Workman Held
    Unnecessary.*

    It is not necessary for a workman or laborer performing
    95 W. Va.

such services for such incorporated company or its contractor to serve notice on the company within sixty days after he shall have ceased to perform such service, to the effect that he will claim a lien, in order that his lien may be perfected and preserved. (p. 689).

3.  APPEAL AND ERROR—MECHANICS' LIEN—*Decree in Suit to Enforce Workman's Liens Should Order Sale of Such Portion of Corporation Property Only as Will Satisfy Liens.*

In a suit to enforce a laborer or workman's lien upon the property of an incorporated company doing business in this state, which lien has been perfected and preserved as required by the statute, the decree should order a sale of the property on which the lien is established or so much thereof as may be sufficient to satisfy such claims in like manner as in other suits in chancery; and if it appears that the property against which the lien is decreed consists of real and personal property, the sale of a small portion of which will satisfy the lien, it is error to decree a sale of the entire property; and the appellate court will, in a proper case, modify the decree in that respect and direct sale of so much thereof as is sufficient to pay the liens decreed. (p. 689).

4.  MECHANICS', LIENS—*Error to Render Personal Judgment in Suit to Enforce Laborer's Lien Where no Privity Between Parties.*

If there be no privity of contract between the laborers and the incorporated company, it is error to render a personal judgment against the corporation for the amount of the laborers' liens. (p. 690).

5.  APPEAL AND ERROR—COSTS—*Where Plaintiff in Suit to Enforce Laborer's Lien Obtains Modification of Decree, Curing Error, It Will be Affirmed; Award of Costs When Erroneous Judgment Cured.*

In case such personal judgment be rendered in a suit to enforce a laborer's lien against the property of an incorporated company doing business in this state, there having been no privity of contract between the laborer and the corporation; and after an appeal has been taken to this court, the laborer obtains a modification of the decree by releasing the corporation from the personal decretal judgment, this court will affirm the decree as modified, and award costs to the appellant. Should such error be thus cured before appeal to this court, costs would be awarded appellee, if there was no other reversible error in the decree. (p. 690).

Appeal from Circuit Court, McDowell County.

Action by A. J. O'Connell and others against the Little War Creek Coal Company and others. From a judgment for plaintiffs, the named defendant appeals.

*Modified and affirmed; remanded.*

J. Albert Toler, for appellant.

Strother, Sale, Curd & Tucker, for appellees, A. J. O'Connell, D. J. O'Connell and J. W. King.

French, Easley & Easley, for appellees J. E. Creasey, Bittle Linkous, and H. B. Peters.

LIVELY, JUDGE:

This appeal is from a decree entered March 28, 1923, directing a sale of all the property, real and personal, of appellant, for the payment of certain laborers' liens which total $1,665.40, principal and interest.

The validity of the liens established by the decree is challenged; and additional error is assigned because the court decreed the sale of the entire property, real and personal, of the defendant company to pay the liens, inconsequential in the aggregate amount as compared with the value of the real and personal property holdings of the corporation; and rendered a personal judgment against defendant corporation, there being no privity of contract between it and the laborers in whose favor the debts are decreed.

Appellant, defendant in the lower court, the Little War Creek Coal Company, contracted with R. E. Creasy to build for it a tipple at its coal mining operation in McDowell county, for the sum of $8,700, and to whom it paid $9,017.60, the difference between the contract price and the actual payment being for extra work on the tipple. The contractor employed J. E. Creasey, Bittle Linkous, H. V. Peters, A. J. O'Connell, D. J. O'Connell and J. W. King as laborers or "millwrights" in the construction of the tipple. He began the construction in the summer of 1921, and paid the above named employees for their services up to about the first day of December, 1921, and after that time paid them nothing more. They continued in his service until

about the 2d day of February, 1922, when the tipple was finished and the aggregate sum total of their wages remaining unpaid was about $1600. The O'Connells recorded notices of their liens for such services in the office of the clerk of the county court of McDowell county on the 20th day of February, 1922; and King recorded his notice on the 17th day of March, 1922, giving notice to the Little War Creek Coal Company that they claimed liens on all its real and personal property by reason of the work and labor done by them for the company by virtue of a contract with R. E. Creasey, the general contractor of the company, and stating the amounts due each after allowing all credits. Each notice is duly sworn to by each of the claimants. The other laborers above named also perfected and preserved their liens for labor by recording notices thereof setting out in full their accounts for labor in the county clerk's office on March 28, 1922; in addition to the recordation of the notice they also served notice on defendant company within sixty days after they had ceased to labor, containing a true copy of their account for labor and stating that they had not been paid by the contractor and would claim a lien upon the tipple and the land on which it was erected to secure the payment of the sums due them. J. E. Creasey, Linkous and Peters proceeded under sections 2 and 3 of chapter 75 of the Code for perfecting and preserving their liens; while the O'Connells and King proceeded under sections 19 and 20 of said chapter to perfect and preserve their liens as laborers for a corporation doing business in the state. The suit was begun within six months after the notices were recorded in the clerk's office as provided by section 22 of said chapter of the Code. Defendant's answer denied that it owed these laborers any sums and denied that they had valid liens against its property by virtue of the service of the notices and by the recordation of the liens; and set up matters for affirmative relief which are not necessary to be detailed here. Depositions were taken, and it was shown by defendant that it had paid the contractor the amount of the contract price and for the extra work; and had no knowledge of the services performed by the laborers for which they claimed liens. Evidence was taken for the laborers fully sustaining the fact

that they had performed the services and that the sums claimed by them were due and unpaid. The court entered the decree complained of, adjudicating each of the sums claimed as liens against all of the real estate and personal property of defendant company, gave recoveries therefor against the defendant as a corporation, and directed a sale of all the real and personal estate of defendant including its leasehold, a tract of timber purchased by it, three lots owned by it in Iaeger and all its personal property.

No serious objection is made to the claims of J. E. Creasey, Linkous and Peters except that there was no evidence that the notice claimed to have been given to defendant within sixty days notifying it of their services and that they had not been paid and would claim a lien, had been served upon defendant. That part of the record has been supplied by *certiorari,* and it appears that the sheriff duly served these notices within sixty days after the labor was performed. It is argued that the O'Connells and King failed to perfect and preserve their liens because they did not give the required notice within sixty days after they had ceased to perform their labor for the contractor. We do not think this was necessary. They sought to obtain a laborer's lien under sections 19 and 20 of chapter 75, Barnes' Code, 1923. Under that section no preliminary notice is required where a laborer performs services for a corporation doing business in this state by reason of a contract with the corporation or for a general or sub-contractor of that corporation. All that is required of a laborer or workman in such cases is that he record a notice of his lien stating the amount due him after allowing all credits, to which he must make proper affidavit. This statute was enacted by the legislature of 1917 and the former decisions of this court relied upon by counsel for appellant, to the effect that the preliminary notice must be served upon the debtor corporation, are inapplicable. The statute is clear in its terms and meaning, and the former preliminary notice is not now required. We think there is no error in decreeing these claims as liens upon the property of defendant.

It appears that the property, real and personal, of defendant corporation is very valuable, consisting of a lease for

coal on a large acreage on which the tipple and a company storehouse is erected; that it owns a valuable tract of timber; and three valuable lots in the town of Iaeger and that the entire property and assets of defendant corporation are so greatly in excess in value of the recoveries of these labor liens made against it that it would be inequitable to sell the entire property in discharge of the ascertained liens. The statute directs that in the enforcement of such liens the "court shall order a sale of the property on which the lien is established or so much thereof as may be sufficient to satisfy such claims as in like manner as in other suits in chancery." Sec. 23, chap. 75, Code. *Rainey* v. *Coal and Coking Co.*, 58 W. Va. 381.

Under the facts above detailed, we think it was error to direct the commissioner to sell this entire valuable property to pay these small debts aggregating $1,665.40. It may be that the decree could be so construed as to direct a sale of such of the property as is necessary to pay these liens. However, the commissioner might attempt to sell the entire property, thus hampering the operations of defendant company and incurring uncalled for costs. The decree will be modified so as to direct the special commissioner appointed thereby to sell such part only of the personal or real property of defendant corporation as may be necessary to pay off and discharge the labor liens decreed in favor of J. E. Creasey, Bittle Linkous, H. V. Peters, A. J. O'Connell, D. J. O'Connell and J. W. King.

The decree is erroneous because a personal judgment is rendered against the corporation for the laborers' liens. There was no privity of contract between the corporation and the claimants. Their contract was with R. E. Creasey, the general contractor, and the corporation knew nothing of their employment or wages. *Virginia Supply Co.* v. *Calfee*, 71 W. Va. 300, 76 S. E. 669. It is argued that inasmuch as the statute gives a laborer a lien upon all of the real and personal property of a corporation in such cases, it is equivalent to saying that a judgment may be taken against the corporation for the amount of the laborers' liens. This cannot be conceded. The statute gives no right of recovery against the corporation for such laborers' liens unless there is pri-

vity of contract between them. A lien against the real and personal property of a corporation is quite different from a judgment against that corporation. The lien exists for six months only unless suit be instituted within that time for its enforcement; and then it is collectible only from the property on which it is a lien. A judgment would not only bind the property of the corporation at the time of its rendition, but if unsatisfied out of the present effects of the corporation it would continue in force for a much longer period than the lien, and could be renewed and thus reach after-acquired property. After appeal was allowed to this court the lienors gave notice to appellant that they would move the circuit court for a modification of the decree in that regard, and filed a paper with the court releasing their personal judgments against the corporation; and the decree entered on the notice and paper filed, modified the decree in that respect and released the personal judgments against the corporation; and also in effect directed that only so much of defendant's property should be sold as would satisfy the liens decreed. This proceeding was had on the theory that it was authorized by section 5 of chapter 134, Code. The first part of that section applies to amendments and corrections where the judgment is by default or the decree on a bill taken for confessed, when, on motion, any error for which an appellate court might reverse it the lower court may act and give such judgment or decree as ought to be given. But under the second part of the section only errors which are clerical and not judicial can be corrected. *Stringer* v. *Anderson,* 23 W. Va. 482; *Shipman* v. *Fletcher,* 91 Va. 437. The error here is an error of law. While the proceeding on behalf of the lienors is for the purpose of enforcing their liens against all of the property of the defendant the court may have concluded, as counsel for appellees have here argued, that the statute authorizing laborers' liens against a corporation would justify the rendition of a personal judgment for the liens claimed against the corporation. It may be true that appellee could proceed at any future term of court by an entry of record, or in vacation by a writing attested by the clerk and filed among the papers, release a part of the amount of the judg-

ment or decree and thus correct the error complained of. Possibly that might have been done under section 5 of chapter 134, Code. *Virginia Supply Co.* v. *Calfee,* 71 W. Va. 300, 301. But that course was not taken and no release of this error was made until after the appeal to this court had been perfected. The amendment and correction of the decree asked for and obtained by appellees, releasing their personal judgment against appellant, is proper and will be affirmed; but this will not save appellees from the costs attendant upon the appeal to this court. Appellant had the right of appeal for the correction of this plain error; and it should not be mulcted in costs on the appeal because of the belated motion to release error, which, in its practical effect, is a confession of error.

The decree as modified will be affirmed, with costs to appellant.

*Modified and affirmed; remanded.*