C. H. Darling Company
vs.  Law No. 82851.
James E. Monahan

May 15, 1930.

TANNER, J.   This case is heard upon motion to dismiss an action of scire facias against bail. The defendant was bail in a civil action.

The ground for dismissing the action is that the execution issued in the original case was not returned to Court upon the return day of the execution but was returned a few days later.

While the return of the writ of execution upon the return day named in the writ or by law may be mandatory so far as the officer is concerned, we do not think that the failure to return it on the very return day discharges the bail. We can see that the return of the execution prior to the return day might discharge the bail, because it deprives him of at least the possibility that the officer may be able to arrest the body within the life of the execution and thus discharge the bail, but we can not see that a failure to return it until a few days after the return day can prejudice the bail. In fact, we think it might benefit the bail as giving him further time within which the bail himself might surrender the body of the debtor.

"As to the other part of the objection that the execution was not returned and filed in the clerk's office until after the return day, the failure to return it on the return day did not destroy the legal effect of the return endorsed upon it. All that can be said is that the record of the execution was not complete until the execution, with the return thereon of the officer, was deposited by him in the clerk's office, and that the return upon the execution did not become a matter of record and competent evidence as such until the execution was so returned.

But when deposited by the sheriff in the clerk's office from which it issued, the return of the sheriff, being such as he was authorized to make, completed the record of the execution, and became thenceforth competent record evidence of the facts stated in the return, although the execution was not filed in the clerk's office until after the return day thereof.

"It is the duty of a sheriff or other ministerial officer to return all writs on the return day thereof with a short account in writing endorsed by him thereon of the manner in which he has executed the same, or why he has done nothing. A return upon an execution, which is sufficient in law; that is, a return which the officer had the right to make, is conclusive between the parties, and they are interested to have the officer perform his full duty, to make his return and file the writ with its proper custodian. Neither of the parties can be deprived of the return by his neglect or failure to return the writ by the return day, and the Court in which the judgment was obtained, upon which the execution issued, may, if the writ be not returned in due time, award a rule against the officer to return it, and if he do not obey the rule, compel him to make his return upon the writ and to return it by attaching and finding him for contempt."

*Rowe* vs. *Hardy*, 97 Va. 674 at 678.
*West* vs. *Joy*, 13 Pickering p. 481.

The motion to dismiss is therefore denied.

For plaintiff: James H. Rickard.
For defendant: John J. Mee.