### CHAPMAN et al. v. NORRIS.

No. 22853.   March 19, 1935.

D. D. Brunson, E. W. Kemp, and Opal M. Kemp, for plaintiffs in error.

McKeown & Green, for defendant in error.

PER CURIAM. Suit for foreclosure of a mortgage on real estate. Judgment was rendered in favor of the plaintiff and for foreclosure of the mortgage and order of sale issued directing the sheriff to sell the land. The sheriff made the sale, and return thereof was filed by the sheriff, which was regular in all respects except that the sheriff failed to affix his signature to the return. Motion to confirm sale was duly filed, to which the defendant filed answer denying that proper return of sale was on file and asking that motion to confirm be denied. At the hearing on the motion to confirm plaintiff in open court asked the court to permit the return of sale to be signed by the sheriff, which request was granted. The court then sustained the motion to confirm the sale, and order was entered confirming sale, to which the defendants excepted.

The only question raised on the appeal is the power of the court to permit the sheriff to amend the return by affixing his signature, and hence the validity of the sale is

questioned. It is conceded that the term of office of the sheriff who made the sale had expired, and he had been succeeded by the newly elected sheriff at the time the amendment was permitted to be made. It is contended by the plaintiffs in error that this was error. Plaintiffs in error cite no authority in support of this contention, but merely refer to the provisions of section 467, O. S. 1931, which provides: "The sheriff or other officer to whom any writ of execution shall be directed, shall return such writ to the court to which the same is returnable, within 60 days from the date thereof," and to that part of section 10 of article 23 of the Constitution of the state of Oklahoma reading: "nor shall the term of any public official be extended beyond the period for which he was elected or appointed."

The power of the court to permit amendments is under our procedure well settled, and is specifically provided for by section 251, O. S. 1931. This power should be liberally construed, and with the view to promote justice. Ransom Payne et al. v. Long Bell Lumber Co. et al., 9 Okla. 683, 60 P. 235. A return may be amended by affixing to it the signature of the officer, and thus making valid that which before had no appearance of official authenticity. Taylor v. Buck et al. (Kan.) 60 P. 736; 3 Freeman on Executions, p. 2044. At page 2135, this author says:

"Where the truth of a return is not questioned and no good reason to the contrary is shown, the officer should be allowed to amend by signing it."

The failure of the sheriff to sign his return on an execution is amendable error which may be corrected by allowing him to affix his signature thereto. Excelsior Mfg. Co. v. Boyle, 46 Kan. 202, 26 P. 408; Slingluff v. Collins, 109 Va. 717, 17 Ann. Cas. 456. It has also been held that a sheriff may amend a defective return by leave of court after he is out of office. Daniel Rapp v. John T. Kyle, 26 Kan. 89; Scruggs v. Scruggs, 46 Mo. 271. See, also, authorities cited in 13 Am. Dec. note, page 177; 23 C. J. 801; 17 Ann. Cas., note p. 459.

We therefore conclude that the action of the trial court in permitting the sheriff's return to be amended by affixing the signature of the sheriff and in confirming the sale was proper.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. M. Widdows, C. H. Rosenstein, and A. B. Honnold in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Widdows and approved by Mr. Rosenstein and Mr. Honnold, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. PHELPS. J., absent. BUSBY, J., disqualified and not participating.